**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

GARY HILDRETH

                Petitioner,

        v.                             No. 02-CV-1356
                                                 (GLS/DRH)

EDWARD DONNELLY, Superintendent,

                Respondent.

_____

**APPEARANCES:**                    **OF COUNSEL:**

GARY HILDRETH
Petitioner Pro Se
No. 99-A-1637
Great Meadow Correctional Facility
Post Office Box 51
Comstock, New York 12821

HON. ELIOT SPITZER               NELSON R. SHEINGOLD, ESQ.
Attorney General for the            Assistant Attorney General
   State of New York
Attorney for Respondent
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER[1]**

_____

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. section 636(b) and N.D.N.Y.L.R. 72.4.

Petitioner pro se Gary Hildreth ("Hildreth") is currently an inmate in the custody of the New York State Department of Correctional Services (DOCS) at Great Meadow Correctional Facility.  Petitioner was found guilty on January 27, 1999 of murder in the second degree, manslaughter in the first degree, burglary in the first degree, aggravated criminal contempt, and endangering the welfare of a child after a jury trial in Schenectady County Court.  Hildreth is presently serving a total indeterminate term of twenty-five years to life imprisonment. Hildreth now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the following grounds: (1) inconsistent verdict and double jeopardy, (2) ineffective assistance of trial counsel, and (3) ineffective assistance of appellate counsel.  For the reasons which follow, it is recommended that the petition be denied.

## I. Background

On May 16, 1998, in Schenectady County, Hildreth unlawfully entered the home of his estranged girlfriend, Paulina Merrills, who was sleeping in the bedroom. T. 1685.[2] Their two young children were sleeping in an adjacent room. T. 1686-87. Hildreth carried a .22 rifle with him that he placed under the bed where Merrills was sleeping.  T. 1687. When Merrills awoke, she told Hildreth  that she was seeing another man. T. 1689-90. Hildreth removed the gun from under the bed and it discharged, killing Merrills. T. 1691. Hildreth called 911 and drove his two sons to his apartment before the ambulance arrived at Merrills' apartment. T. 1694.  The following morning, police officers questioned Hildreth,

---

[2] "T." followed by a number refers to the page of the trial transcript included with respondent's answer.  Docket No. 15.

who remained inside his apartment with the gun and the two children. T. 1408-09. Hildreth eventually surrendered. T. 1410.

Hildreth was arrested, indicted, tried, and sentenced as indicated above.  Hildreth's motion to vacate the judgement pursuant to N.Y. Crim. Proc. Law § 330(1) (McKinney 2004) was denied on March 10, 1999.  SR. 214-19, 267-68. [3] The Appellate Division affirmed the conviction.  People v. Hildreth, 279 A.D.2d 791 (3d Dep't 2001). Application for leave to appeal to the New York Court of Appeals was denied on September 25, 2001. People v. Hildreth, 96 N.Y.2d 940 (2001).  This action followed.

## II. Discussion

### A. Exhaustion

Respondent contends as a threshold matter that Hildreth failed to exhaust his state court remedies as to his first two claims. A federal court may not grant the habeas petition of a state prisoner unless the prisoner has exhausted the remedies available in the state courts or there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of prisoners.  28 U.S.C. § 2254(b)(1) (2004); Aparicio v. Artuz, 269 F.3d 78, 88 (2d Cir. 2001).  To satisfy the exhaustion requirement, the prisoner must present his claims to the highest court in the pertinent state in a manner prescribed by state law.  Turner v. Artuz, 262 F.3d 118, 123 (2d Cir. 2001); Dean v. Smith, 753 F.2d 239 (2d Cir. 1985).  The state court must have the opportunity to consider the claims on their merits.  Id.  A habeas petitioner may

---

[3] "SR." followed by a number refers to the page in the state court record filed with respondent's answer.  Docket No. 15.

fairly apprise the state court of a federal constitutional claim by citing cases that employ a constitutional analysis, asserting the claim in terms that "call to mind a specific right protected by the Constitution," or alleging facts that fall "well within the mainstream of constitutional litigation."  Daye v. Attorney Gen. of New York, 696 F.2d 186, 194 (2d Cir. 1982).

Hildreth has asserted to the Appellate Division and New York Court of Appeals that he was improperly convicted of both felony murder and first degree manslaughter under the same count of an indictment. S.R. 43. These facts "call to mind" two significant constitutional concerns: (1) the convictions are inconsistent, and (2) the convictions violate double jeopardy.  These facts are well within the mainstream of constitutional litigation and sufficiently alerted the state courts to constitutional claims.  Thus, Hildreth has exhausted state remedies as to this claim.

A writ of error coram nobis is not the appropriate vehicle to raise the claim of ineffective assistance of trial counsel asserted as Hildreth's second ground.  Camarano v. Irvin, 902 F. Supp. 358, 365 (S.D.N.Y. 1994).  Its use has been sanctioned only in the context of ineffective assistance of appellate counsel claims.  People v. Bachert, 69 N.Y.2d 593, 599 (1987).  Because Hildreth did not raise his ineffective assistance of trial counsel claim on direct appeal and an error coram nobis is an incorrect procedure for raising the claim, the state courts have not had an opportunity to consider Hildreth's claim on the merits.  Thus, this claim remains unexhausted.

Even if a federal claim has not been presented to the highest state court or preserved in lower state courts under state law, it will be deemed exhausted if it is, as a result, then procedurally barred under state law. See Grey v. Hoke, 933 F.2d 117, 120 (2d

-4-

Cir. 1991).  Review of a procedurally barred claim in a federal court will, however, be subject to the cause and prejudice standard before reaching the merits. See Wainwright v. Sykes, 433 U.S. 72, 87 (1977).

While a court should dismiss any unexhausted claim, a court may review an unexhausted claim if the petitioner shows cause for the default and prejudice due to some objective factor external to the defense that impeded his efforts. Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994). Alternatively, if a petitioner is able to show that a state court's failure to consider the claim would result in a "fundamental miscarriage of justice," a court may consider the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Here, Hildreth presents no cause for his failure to raise the unexhausted claim. While Hildreth raises the issue of the ineffective assistance of trial counsel in his petition here, that claim must rise to the level of a Sixth Amendment violation in order to qualify as cause. Aparicio v. Artuz, 269 F.3d 78, 91 (2d Cir. 2001) (citing Edwards v. Carpenter, 529 U.S. 446, 451 (2000)). As discussed infra in subsection C(2), Hildreth failed to make this showing.  Therefore, Hildreth has not demonstrated any cause for failing to exhaust his second claim. Accordingly, Hildreth has failed to exhaust his ineffective assistance of trial counsel claim.

Therefore, the second ground of Hildreth's petition should be denied on this ground.

## B. Independent and Adequate State Ground

Respondent also contends that Hildreth's inconsistent verdict claim is also procedurally barred by the doctrine of independent and adequate state grounds. If a

petitioner fails to present a constitutional claim to the state courts in a manner prescribed by the state court's procedural rules, the state court may refuse to address the claim. Reyes v. Keane, 118 F.3d 136, 137-40 (2d Cir. 1997). When the state court's refusal rested on an adequate and independent state ground, a federal court cannot review the claim. Coleman v. Thompson, 501 U.S. 722, 729-31 (1991). The petitioner is then barred from obtaining federal habeas review on the defaulted claim. Id.

Here, Hildreth's counsel objected to the inclusion of felony murder in the jury charge as a lesser included offense of first degree murder. T. 2147, 2156-64. At no time did Hildreth's counsel object to the jury's verdict of guilty on both felony murder and first degree manslaughter.[4] The Appellate Division held that Hildreth had failed to comply with a contemporaneous objection rule and, thus, defaulted on the claim. Hildreth, 719 N.Y.S.2d at 342; see Garcia v. Lewis, 188 F.3d 71, 78-79 (2d Cir. 1999). Because Hildreth defaulted on this claim in state court on an adequate and independent state ground, a federal court may not review it.

A habeas petitioner may avoid procedural default on a claim by demonstrating either that failure to reconsider the claim will result in a miscarriage of justice or cause for the default and prejudice. Coleman, 501 U.S. at 750; Sweet v. Bennett, 353 F.3d 135, 142 n.7 (2d Cir. 2003). To prevail on a miscarriage of justice claim, a petitioner must be "actually innocent" of the challenged offense. Bousley v. United States, 523 U.S. 614, 623

---

[4] At the end of deliberations, Hildreth's counsel stated: "I will for the record indicate originally my position had been that Count 1b would be inconsistent with Count 1a, and I would like to reiterate that at this point." T. 2515. Count 1b charged first degree manslaughter and Count 1a charged felony murder. Counsel's statement, however, referred to previous objections of the inconsistency between Count 1 (first degree murder) and Count 1a (felony murder).

(1998).  Actual innocence means factual innocence, not mere legal insufficiency.  Id.

Actual innocence can only be shown when it is more likely than not that in light of all

evidence, no reasonable juror would have convicted the defendant.  Sweet v. Bennett, 353

F.3d at 135.  The record shows that Hildreth engaged in conduct that meets the required

elements of felony murder and first degree manslaughter.  Thus, he cannot prevail on a

miscarriage of justice claim.  For the same reasons set forth in the preceding subsection,

Hildreth similarly cannot demonstrate sufficient cause and prejudice to avoid procedural

default.  See subsection II(A) supra.

Thus, Hildreth is procedurally barred from bringing the inconsistent verdict claim.

### C. Merits

### 1. Inconsistent Verdicts

Federal habeas corpus relief generally cannot be granted on a claim of inconsistent

or repugnant verdicts.  House v. Miller, No. 02-CV-5379, 2003 WL 23198788, at *16-17

(E.D.N.Y. Oct 27, 2003).  A defendant that is convicted by a jury on one count may not

attack that conviction because it was inconsistent with the jury's acquittal on another.

United States v. Powell, 469 U.S. 57, 68-69 (1984).

Federal courts should be extremely reluctant to review inconsistent jury verdicts.

"[T]he Government's inability to invoke review, the general reluctance to inquire into the

workings of the jury, and the possible exercise of lenity –  suggest that the best course to

take is simply to insulate jury verdicts from review on this ground."  Id.  Courts have held,

however, that convictions on two mutually exclusive offenses violate a defendant's due

process rights. <u>United States v. Diagle</u>, 149 F. Supp 409, 414 (D.D.C.), <u>aff'd</u>, 248 F.2d 608 (D.C. Cir. 1957). A defendant's conviction on two crimes that are mutually exclusive is "patently unjust" because the defendant would be convicted of a crime he could not have committed. <u>United States v. Gross</u>, 961 F.2d 1097, 1107 (3d Cir. 1991).

Here, intent to cause death or injury is not an element of felony murder, which required proof only of intent to commit the underlying felony. <u>Vega v. Griener</u>, No. 97 CV 2336(NG), 2002 WL 31409364, at *4 (E.D.N.Y. Jul 17, 2002). In contrast, first degree manslaughter only requires proof of intent to kill. N.Y. Penal Law § 125.25(3). Thus, after finding Hildreth guilty of first degree manslaughter, the jury could still find him guilty of felony murder. <u>People v. Wade</u>, 146 A.D.2d 589, 590 (2d Dept 1989). The convictions, independently or jointly, also are not inconsistent with Hildreth's acquittal of first degree murder.

In a related argument, Hildreth also challenges the verdict on double jeopardy grounds. The Fifth Amendment's double jeopardy clause affords protections to the criminal defendant against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. <u>Jones v. Thomas</u>, 491 U.S. 376, 381 (1989). As in this case, in the multiple punishments context, the Double Jeopardy Clause only prevents the sentencing court from prescribing greater punishment than the legislature intended. <u>Missouri v. Hunter</u>, 459 U.S. 359 (1983).

When a defendant has violated two separate criminal statutes, his right against double jeopardy is implicated when both statutes prohibit the same offense or when one offense is a lesser included offense of the other. <u>Rutledge v. United States</u>, 517 U.S. 292,

-8-

297 (1996).  That both offenses arise out of a single criminal transaction is not dispositive.
The touchstone is whether the legislature intended to authorize separate punishments for
the same offensive conduct under separate statutes.  United States v. Chacko, 169 F.3d
140, 146 (2d Cir. 1999).  "In the absence of clear legislative intent, the test to be applied . .
. to determine whether the two statutes proscribe the 'same' offense is whether each
provision requires proof of a fact which the other does not."  Blockburger v. United States,
284 U.S. 299, 304 (1932).

As stated above, felony murder and first degree manslaughter are separate
offenses punishing different conduct.  Because each offense requires proof of an element
the other does not, felony murder and first degree manslaughter are separate offenses.
People v. Ramos, 258 A.D.2d 357 (1st Dep't 1999). In addition, because a person can be
convicted of both offenses, the legislature did not intend for the two offenses to be
exclusive. Id.  Therefore, Hildreth's verdict did not violate double jeopardy.

Accordingly, the petition on this ground should also be denied on its merits.


## 2. Ineffective Assistance of Trial Counsel

In order to succeed on a claim of ineffective assistance of trial counsel, a petitioner
must demonstrate that (1) the attorney's performance was objectively unreasonable under
prevailing professional norms, and (2) a reasonable probability exists that, but for his
attorney's deficiencies, the outcome would have been different. Strickland v. Washington,
466 U.S. 668, 687 (1984).  A reasonable probability is a probability sufficient to undermine
confidence in the outcome.  Id. at 694.  Under the first prong of Strickland, defendants
must demonstrate that their counsel made errors so serious that they were not functioning

-9-

as the 'counsel' guaranteed by the Sixth Amendment.  Bell v. Cone, 535 U.S. 685, 687 (2002).  In applying this standard, a reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689.

Hildreth cannot satisfy the first prong of Strickland.  His counsel could reasonably have believed any claims based on the verdict were preserved by his objections. Moreover, counsel's failure to object to the charge as given or move to set aside the verdict may have reflected a reasonable strategic judgment. Strickland, 468 U.S. at 687-92.  Counsel could have believed that Hildreth's chances of having the conviction overturned were favorable or that the jury would be confused by the two charges and become deadlocked.  Id. Thus, counsel's performance was objectively reasonable considering all the circumstances.

Therefore, the petition on this ground should be denied on its merits.


### 3.  Ineffective Assistance of Appellate Counsel

The Strickland two-prong test also applies to ineffective assistance of appellate counsel claims.  Evitts v. Lucey, 469 U.S. 387, 396-97 (1985).  In particular, the courts should use the "outcome of the appeal" test to measure prejudice under the second prong of Strickland.  Bunkley v. Meachum, 68 F.3d 1518, 1522 (2d Cir. 1995).  According to the outcome of the appeal test, a cour only need determine the reasonable probability that the outcome of the direct appeal would be different.  Id. Hildreth's claim of ineffective assistance of appellate counsel here relies on the subsequent suspension from practice of his appellate counsel for employing an inmate to prepare appellate briefs.  In re Lajoy, 279

A.D.2d 695 (3d Dep't 2001).  His counsel was suspended for violating several provisions of the New York Code of Professional Responsibility.  Id.

In some cases, whether counsel has been constitutionally ineffective is a per se determination. See Solina v. United States, 709 F.2d 160, 167 (2d Cir. 1983) (vacating conviction where, unbeknown to defendant, his trial counsel was not admitted to practice law in any jurisdiction).   Courts have found a per se violation in only two situations: when unknown to the defendant, counsel was at the time of representation "(1) not duly licensed to practice law because of a failure to ever meet the substantive requirements for the practice of law, . . . or (2) implicated in the defendant's crimes." Id. (internal citations omitted).  In these instances, defense is necessarily compromised because the counsel likely fears that a vigorous defense may lead the prosecutor or the trial judge to inquire into his or her background and discover his or her lack of credentials or wrongdoing.  Id. Hildreth's claim does not fall within either of the two narrow categories previously recognized as per se violations of the Sixth Amendment right to counsel.  In each of the previous instances, the counsel's misconduct necessarily affected the counsel's advocacy of the defendant's case.  Here, Hildreth urges this Court to "presume," without evidence, that his counsel's misconduct affected his case.  As noted, Hildreth is not entitled to such a presumption and the record fails to demonstrate any error by his appellate counsel which rises to the level of a Sixth Amendment violation.  Hildreth has thus failed to satisfy the first prong of the Strickland test.[5]

_____

[5]Hildreth is not barred from raising his ineffective assistance of trial counsel claim in a motion to vacate judgment and, thus, has not suffered any prejudice from appellate counsel's failure to raise the issue on appeal.  Therefore, Hildreth also cannot demonstrate prejudice to satisfy the second prong of Strickland, and prevail on his claim.

-11-

The petition on this ground should be denied on its merits.

## III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**.

Pursuant to 28 U.S.C. section 636(b)(1), the parties may lodge written objections to the

foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO**

**OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.**  Roldan v. Racette, 984 F. 2d 85, 89 (2d Cir. 1993); Small v. Sec'y of Health &

Human Servs., 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a),

6(e).


DATED:  October 19, 2004
             Albany, New York

United States Magistrate Judge