**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**GARY HILDRETH,**

                        **Plaintiff,**

                                                **Civil No. 9:02-CV-1356**
                **v.**                                              **(GLS/DRH)**

**EDWARD DONNELLY,**

                        **Defendant.**

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|

**FOR THE PLAINTIFF:**

Gary Hildreth
Plaintiff, *pro se*
99-A-1637
Great Meadow Correctional Facility
Post Office Box 51
Comstock, New York 12821

**FOR THE DEFENDANT:**

| HON. ELIOT SPITZER | NELSON R. SHEINGOLD |
|---|---|
| New York State Attorney General | Assistant Attorney General |
| The Capitol | |
| Albany, New York 13204-2455 | |

**Gary L. Sharpe
U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pending is petitioner *pro se* Gary Hildreth's objections to Magistrate Judge Homer's Report which recommended denial of Hildreth's *habeas corpus* petition.[1]  *See Judge Homer's Report-Recommendation ("R&R"), Dkt. No. 18; Hildreth Objections, Dkt. No. 20.*  Hildreth commenced this *habeas corpus* action pursuant to 28 U.S.C. § 2254 on October 24, 2002, challenging his New York State convictions for murder in the second degree, burglary in the first degree, aggravated criminal contempt, and endangering the welfare of a child.  Hildreth's petition claims: (1) inconsistent verdict and double jeopardy; (2) ineffective assistance of trial counsel; and (3) ineffective assistance of appellate counsel.  For the following reasons, the court reviews the objected-to portions of the Report-Recommendation *de novo* and the remainder under a clearly erroneous standard.  Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.[2]

---

[1] Judge Homer recommended denial of Hildreth's petition because: (1) Hildreth failed to exhaust his ineffective assistance of trial counsel claim; (2) the inconsistent verdict claim is procedurally barred by the doctrine of independent and adequate state grounds; (3) the offenses of first degree manslaughter and felony murder require proof of different elements, and Hildreth's convictions on both counts did not violate double jeopardy; and (4) Hildreth's ineffective assistance of counsel claims fail on the merits.

[2] The Clerk is hereby directed to append the Report-Recommendation to this decision and order.

## II. **Background**[3]

Following Hildreth's convictions for murder in the second degree, manslaughter in the first degree, burglary in the first degree, aggravated criminal contempt, and endangering the welfare of a child, he was sentenced to an indeterminate term of twenty-five years to life imprisonment. Hildreth's motion to vacate the judgment was denied on March 10, 1999, and the Appellate Division affirmed the convictions. Application for leave to appeal to the New York Court of Appeals was denied on September 25, 2001. This action followed.

## III. **Facts**

On May 16, 1998, Hildreth unlawfully entered the home of his estranged girlfriend, Paulina Merrills. She was sleeping in her bedroom, and their two young children were sleeping in a nearby room. Hildreth was carrying a .22 rifle which he placed under the bed where Merrills was sleeping. Shortly thereafter, Merrills awoke and told Hildreth that she was seeing another man. Hildreth removed the gun from under the bed, and it discharged, killing Merrills. Hildreth called 911 and drove his two sons to

---

[3]The court assumes familiarity with Judge Homer's report, including his legal conclusions, and adopts his factual findings which are uncontested.

his apartment before the ambulance arrived at Merrills' home. The next day, police officers questioned Hildreth while he remained in his home with the gun and his children. Hildreth eventually surrendered.

## IV.  Discussion

### A.  Standard of Review

District courts are authorized to refer habeas corpus petitions to magistrate judges for proposed findings and recommendations regarding disposition. *See Almonte v. NYS Div. of Parole*, No. 04-CV-484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006). When a report and recommendation is filed, the parties must comply with specified procedures if they seek statutorily mandated district court review. *Id.* The local rules further require that parties must file written objections that specify the findings and recommendations to which they object, and the basis for their objections. *Cf.* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); L.R. 72.1(c).

If a party fails to object in a timely manner, it procedurally defaults and is not entitled to judicial review. *Almonte*, 2006 WL 149049, at *3 (citation omitted). The doctrine of procedural default applies in the district courts as long as parties, including those appearing *pro se*, receive clear

4

notice of the consequences of their failure to properly object. *Id.* The notice requirement is satisfied if the report at least states that the failure to object will preclude appellate review.[4] *Id.*

Moreover, lack of specificity also gives rise to procedural default. *Almonte*, 2006 WL 149049, at *4. Objections must address specific findings and conclusions. *Id.* Therefore, a party that limits its specific objections to a part of a report's findings or recommendations procedurally defaults as to the remainder. *Id.* Frivolous or conclusory objections also fail to satisfy the specificity requirement. *Id.* Furthermore, mere resubmission of the same papers and arguments as submitted to the magistrate judge fails to comply with the specificity requirement and also results in default. *Id.*

The district court must review *de novo* those portions of the magistrate judge's findings and recommendations that have been properly preserved by compliance with the specificity requirement. *Id.* *De novo* review requires that the court give fresh consideration to those issues to

---

[4]The following statement accompanies all magistrates' reports issued in this district: [P]ursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Almonte*, 2006 WL 149049, at *4 n.4 (citations omitted).

5

which specific objections have been made. It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions. *Id.* at *5 (internal quotation and citation omitted). After review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge ... [and] may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* (citations omitted).

When a party procedurally defaults, it is within the court's discretion to elect an appropriate standard of review. *Almonte*, 2006 WL 149049, at *6. This court will apply a "clearly erroneous" standard, and defines that phrase as follows: a report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights. *Id.*

Accordingly, when required by statute or rule or when the court's routine review so dictates, the court will make a *de novo* determination of findings and recommendations. *Id.* Absent *de novo* review, the court will apply a clearly erroneous standard. *Id.* Furthermore, the court will routinely identify issues which have been procedurally defaulted, and articulate the standard of review applied to all issues. *Id.*

6

**B. Objections**

The court will apply two different standards of review. Hildreth has failed to object to certain portions of Judge Homer's report, and he has procedurally defaulted. Accordingly, the court has reviewed those portions for clear error. Hildreth specifically objected to Judge Homer's recommendation concerning his double jeopardy claim, and the court reviews that *de novo*.

**1. Unspecific Objections**

Judge Homer recommended denial of Hildreth's petition because: (1) Hildreth failed to exhaust his ineffective assistance of trial counsel claim and (2) the inconsistent verdict claim is procedurally barred by the doctrine of independent and adequate state grounds. In reviewing Judge Homer's findings, the court finds no clear error of either fact or law and adopts his recommendation in its entirety. Furthermore, Hildreth has voluntarily withdrawn his ineffective assistance of trial counsel claim.

**2. Specific Objection**

**a. Double Jeopardy**

Hildreth claims that the guilty verdict under Count I of the indictment[5]

---

[5] Hildreth was found guilty of both felony murder and manslaughter in the first degree.

7

violates the Fifth Amendment's Double Jeopardy Clause.  In support of this contention, Hildreth cites *Ball v. United States* and *Blockburger v. United States*.  *See Ball v. United States*, 470 U.S. 856 (1985) (holding that to determine whether Congress intended the same conduct to be punishable under two criminal provisions, the appropriate inquiry is "whether each provision requires a proof of fact that the other does not"); *see also Blockburger v. United States*, 284 U.S. 299 (1932).

The Double Jeopardy Clause protects the criminal defendant against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense.  *Jones v. Thomas*, 491 U.S. 376, 381 (1989).  "Courts may not prescribe greater punishment than the legislature intended."  *Rutledge v. United States*, 517 U.S. 292, 297 (1996).  "[W]here two statutory provisions prescribe the same offense, a legislature does not intend to impose two punishments for that offense."  *Id.* (internal quotation marks omitted).  Thus, "the touchstone is whether Congress intended to authorize separate punishments for the offensive conduct under separate statutes."  *United States v. Chacko*, 169 F.3d 140, 146 (2d Cir. 1999).

"If the same act or transaction constitutes a violation of two distinct

8

statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Rutledge*, 517 U.S. at 297 (citing *Blockburger*, 284 U.S. at 304.).

Hildreth was found guilty of felony murder and first degree manslaughter. Therefore, the appropriate inquiry is whether each of these offenses requires proof of an element that the other does not.[6] Manslaughter in the first degree requires proof of intent to cause serious physical injury to another person, whereas felony murder is proven when a killing occurs during the commission of a prescribed felony. Thus, it is clear that manslaughter in the first degree requires proof of different elements than felony murder. Accordingly, Hildreth's verdict did not offend the double jeopardy clause.

Hildreth also appears to argue that the jury's deliberation process precludes its ultimate convictions of felony murder and manslaughter in the

---

[6]"A person is guilty of manslaughter in the first degree when...with intent to cause serious physical injury to another person, he causes the death of such person or of a third person." N.Y. Penal Law § 125.20[1].

Felony murder is a form of murder in the second degree. It occurs when, "[a]cting either alone or with one or more persons, [the defendant] commits or attempts to commit a robbery, burglary, kidnapping, arson, rape in the first degree... and, in the course of and in furtherance of such crime or immediate flight therefrom, he, or another participant, if there be any, causes the death of a person other than one of the participants." *See* McKinney's Penal Law § 125.25(3).

9

first degree.[7]  Judge Homer did everything conceivable to interpret Hildreth's petition liberally, construing this portion of Hildreth's petition as an inconsistent verdict argument.  Judge Homer addressed Hildreth's argument both procedurally, finding that Hildreth procedurally defaulted, and on the merits.  Hildreth failed to identify any legal flaw in Judge Homer's analysis.  Accordingly, for the reasons articulated in Judge Homer's report, the jury's verdict did not violate double jeopardy, and Hildreth's petition is **DENIED**.

## V. Conclusion

Having reviewed the objected-to portions of the Report-Recommendation *de novo*, the remainder under a clearly erroneous standard, and Hildreth's objections, this court accepts and adopts the recommendation of Judge Homer for the reasons stated in the October 19, 2004 Report-Recommendation.

**WHEREFORE**, it is hereby

---

[7]The jury originally returned a verdict convicting Hildreth of murder in the first degree and both lesser included offenses, felony murder and manslaughter in the first degree.  The trial court instructed the jurors to reconsider, and the jury ultimately convicted Hildreth on both the felony murder and the manslaughter counts.  Hildreth's objections are barely cognizable, but he seems to argue that the jury's ultimate conviction of the lesser included offenses implies that the jury believed he acted under extreme emotional disturbance.  He claims that the jury deliberations preclude his ultimate conviction of the lesser included offenses.

**ORDERED** that Hildreth's ineffective assistance of counsel claim is withdrawn; it is further

**ORDERED** that the entire petition is **DISMISSED** and the relief sought is **DENIED**, and it is further

**ORDERED**, that the clerk serve a copy of this Decision and Order upon the parties.

**IT IS SO ORDERED.**

May 1, 2006
Albany, New York

_____
United States District Court Judge